The complainants, the city of Millville, a municipal corporation of this state, and Irwin W. Kirk, the director of revenue and finance of said city, file this bill alleging that the board of education of said city entered into four separate contracts for the building of a high school in said city. Each of said contracts being for certain portions of work necessary. In each of said contracts was a provision that the work called for would be completed within a certain time therein specified, and providing for liquidated damages in the event of failure to so complete.
That the work was not completed within the specified time; that resolutions were passed calling upon the respective contractors to complete it.
That said contractors completed their contracts and the board of education accepted the work, at a time considerable later than that called for in the several contracts; that the damages stipulated for in said contracts amounted to approximately $27,535, but that said board of education ordered paid the amount due said contractors without deducting the said damages.
That by the proceedings complained of the city of Millville and its taxpayers would be defrauded to the amount of $27,000.
That the city of Millville appealed to the commissioner of education of the state, from said order and proceedings. That the commissioner of education dismissed said appeal for lack of jurisdiction. That the complainants appealed from the order of said commissioner to the state board of education, which appeal at the time of the filing of the bill had not been heard. *Page 164 
That said orders, resolutions or motions by the board of education of the city of Millville are unlawful and a fraud on the taxpayers.
The prayers were that:
"2. That the aforesaid orders and proceedings had by the board of education of the city of Millville, January 20th, 1926, ordering payment of said moneys as aforesaid to the said several contractors, George W. Shaner Sons, Jackson Electric Company, J.H. Hutchinson and Shearman Thompkins, be decreed fraudulent and be set aside and vacated.
"3. That the said board of education, and its officers and agents, and George B. Worstall, custodian of school funds of the city of Millville, be restrained and enjoined from paying out any moneys whatsoever in pursuance of said orders and proceedings had by said board on January 20th, 1926, as aforesaid."
An order to show cause was granted.
A motion is now made to strike out the bill of complaint upon the several grounds, one of which questions the jurisdiction of this court.
This point is discussed by the defendants in their brief under the heading:
"Certiorari to the supreme court is the proper remedy if any rights of the complainant have been invaded, and that the supreme court is the proper tribunal for review of the resolution awarding payment," and by the complainant, that the court has jurisdiction.
The complainants cite no cases, but say:
"II. The court has jurisdiction. It is charged in the bill that the board of education has ordered paid out of the moneys appropriated to construct and furnish the new high school, to contractors, a sum exceeding $27,000, which the board has a right to retain in satisfaction of stipulated damages which have accrued to, and are due, the board of education.
"On the face of the bill such action of the board is unlawful and is a fraud on the city of Millville and the public. *Page 165 
It amounts to a gift to the contractors of $27,000 of public moneys or credits. If so, equity may restrain the fraudulent act under its general grant of equity powers."
Vice-Chancellor Backes, in Berdan v. Passaic Valley SewerageCommissioners, 82 N.J. Eq. 235 (at p. 243), said:
"In Tucker v. Freeholders of Burlington, 1 N.J. Eq.
(Sax.) 282, the complainants protested in this court against the construction of a bridge by the board of freeholders, which they insisted would injure them irreparably. Chancellor Vroom, in dissolving the injunction (at p. 287), said:
"If the boards have power to act in the premises, if they have jurisdiction over the subject-matter, this court can take no cognizance of the complaints contained in the bill. The right of supervision and correction is in another tribunal. In England it belongs to the king's bench, and in this state to the supreme court. The principle is universal that whereever the rights of individuals are invaded by the acts of persons clothed with authority to act, and who exercise that authority illegally, the persons aggrieved must seek redress by certiorari." Numerous cases exist where the supreme court has exercised this power.
"The supreme court may, in its discretion, at the instance of a private person, act by mandamus, certiorari or quo warranto, for the redress or prevention of public wrongs by public bodies and officers, whose official sphere is confined to some political division of the state, whenever the applicant is one of the class of persons to be most directly affected in their enjoyment of public rights, and the public convenience will be subserved by the remedy desired." Ferry v. Williams, 41 N.J. Law 332.
"The general rule that a person who applies for a writ ofcertiorari must show that he will suffer a special injury beyond that which will affect him in common with the rest of the public is subject, as I think will appear from a careful consideration of our cases, to this qualification: Where the municipal ordinance is ultra vires, and will furnish no justification for the authorized act, so that if the power purporting to be granted is executed, the work will be a public nuisance or a tortious act, the writ of certiorari will be denied, not *Page 166 
because the prosecutor is without interest in the subject-matter, but for the reason that there is another remedy by indictment or by civil action." Oliver v. Jersey City, 63 N.J. Law 96 (atp. 99).
But "where a municipal corporation, by action ultra vires or otherwise, embarks in a scheme which will result in an unlawful expenditure of public funds, any ordinary taxpayer may be admitted to prosecute a certiorari to review such action."Rehill v. East Newark and Jersey City, 73 N.J. Law 220, and cases therein cited.
The bill will be dismissed.